UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GED Integrated Solutions, Inc., and Newell Operating Company dba Ashland Products, Inc. | ) ) ) ) | Case No. 5:06CV1327 <br><br> JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Durotech International, Inc., | ) ) | MEMORANDUM OF OPINION |
| Defendant. | ) | |

This matter is before the Court upon a motion for partial summary judgment filed by Plaintiffs GED Integrated Solutions, Inc. ("GED") and Newell Operating Company dba Ashland Products ("Newell").  In their motion, Plaintiffs seek summary judgment on Counts III, IV, and V of the counterclaims raised by Defendant Durotech International, Inc. ("Durotech").  The Court has been advised, having reviewed the parties' extensive briefing, exhibits, testimony, pleadings, and applicable law.  For the reasons stated herein, Plaintiffs' motion is GRANTED.

**I.    Facts**

In their complaint, Plaintiffs alleged that Durotech has infringed certain claims of U.S. Patent No. 5,313,761 and U.S. Patent No. 5,678,377.  The invention at issue is known as a muntin bar clip.  It is used to attach muntin bars to the frames of insulated glass windows. Muntin bars are strips of material that are imbedded in a window and give the illusion of separate window panes.  The muntin bars at issue herein are for aesthetic purposes only and merely give

1

the illusion of separating panes of glass.  They are not, therefore, "true" muntin bars because they do not physically divide glass.

Plaintiffs allege that Defendant's muntin bar clip infringes claim 9 of the '761 patent and claim 1 of the '377 patent.  In response to the complaint, Durotech filed numerous counterclaims against Plaintiffs.  Three of those claims are the subject of this motion.  Count III of the counterclaim raises a claim of misrepresentation under the Lanham Act.  Count IV raises a state law claim of tortuous interference with contractual relations.  Finally, Count V raises a state law claim of tortuous interference with prospective economic advantage.  On October 9, 2007, Plaintiffs moved for summary judgment on each of these claims.  Durotech responded in opposition to the motion, Plaintiffs replied, and Durotech filed its sur-reply.  The matter now appears before this Court.

## II. Legal Standard

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.56(c).  The initial burden of showing the absence of any "genuine issues" belongs to the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. (quoting Fed. R. Civ. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable

2

evidentiary burdens. *Id*. at 252. Moreover, the Court must view a summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc*., 369 U.S. 654, 655 (1962).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp*., 53 F.3d 146, 150 (6th Cir. 1995); Fed. R. Civ. P. 56(e)(2) states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must by affidavits or as otherwise provided in this rule set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Summary judgment analysis asks whether a trial is necessary and therefore is appropriate when there are no genuine issues of fact. *Anderson,* 477 U.S. at 250.

**III.    Legal Analysis**

As detailed above, three counts of Durotech's counterclaim are at issue herein. In support of these claims, Durotech alleged that Plaintiffs told Durotech customers that its clip infringed on Plaintiffs' patents. Durotech alleges that these statements were false and made in bad faith.

"[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the [complaining party] can show that the patent holder acted in bad faith." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed.Cir. 1998). Federal patent law likewise preempts state-law tort liability when a patentee in good faith communicates allegations of infringement of its patent. *See, e.g.*, *Zenith Elecs. Corp. v. Exzec, Inc*., 182 F.3d 1340, 1355 (Fed.Cir. 1999). As a result, "bad faith must be alleged and ultimately proven, even

3

if bad faith is not otherwise an element of the tort claim." *Id.* On a claim of the type at issue here, "[t]o survive summary judgment, the party challenging such statements must present affirmative evidence sufficient for a reasonable jury to conclude that the patentee acted in bad faith, in light of the burden of clear and convincing evidence that will adhere at trial." *Golan v. Pingel Enter., Inc.,* 310 F.3d 1360, 1371 (Fed.Cir. 2002). In the instant matter, the parties agree that bad faith is the sole element at issue in the motion for summary judgment.[1]

Bad faith includes separate objective and subjective components. *Mikohn Gaming Corp. v. Acres Gaming*, Inc., 165 F.3d 891, 897 (Fed.Cir.1998). The *Zenith* bad faith standard cannot be satisfied "in the absence of a showing that the claims asserted were objectively baseless." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1375 (Fed.Cir. 2004). To be objectively baseless, the infringement allegations must be such that "no reasonable litigant could reasonably expect success on the merits." *GP Indus., Inc. v. Eran Indus., Inc*., 500 F.3d 1369, 1374 (Fed.Cir. 2007) (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)).

In an effort to demonstrate bad faith, Durotech offered an expert report from patent attorney William David Kiesel. Kiesel performed a detailed infringement analysis and concluded as follows:

> In my opinion, it would be readily apparent to any reasonable patent attorney issuing a qualified opinion that the DUROTECH clip does not infringe Claim 9 of the '761 patent nor Claim 1 of the '377 patent. Since there is no reasonable expectation of success on the merits, the Plaintiffs' actions in filing and prosecuting the subject lawsuit constitute bad faith.

In their motion for summary judgment, Plaintiffs attack the validity of Kiesel's report, but also assert that his conclusions do not support Durotech's counterclaims. Plaintiffs assert that Kiesel's analysis relies heavily on Durotech's claim construction, thereby failing to address the

---

[1] Plaintiffs do not contend that Durotech has not met the remaining elements of each of its claims.

4

claim construction put forth by Plaintiffs. Plaintiffs assert that without an examination of infringement based upon their claim construction, Durotech cannot demonstrate objective bad faith.

A review of Kiesel's report demonstrates that he took into account Plaintiffs' proposed claim construction in some manner when he performed his infringement analysis. The Court, therefore, finds no fault in Kiesel's general methodology. The Court does note, however, that it does not appear that Kiesel accepted each of Plaintiffs' proposed claim constructions, nor has he offered an opinion that the constructions proposed by Plaintiffs are unreasonable.[2] If Kiesel had accepted each of Plaintiffs' proposed claim constructions and reached his conclusion as Durotech contends, it is difficult to understand why Durotech has not moved for summary judgment on the issue of infringement based on that conclusion. As Kiesel's report does not fully address the proposed infringement analysis proffered by Plaintiffs, it does not mandate the denial of Plaintiffs' motion for summary judgment.

While Kiesel concludes that a reasonable patent attorney would conclude that no infringement has occurred, his report fails to demonstrate why the position taken by Plaintiffs is objectively baseless. In support of their motion, Plaintiffs provided the expert opinion of patent attorney Stephen A. Hill. In his report, Hill expresses disagreement with Kiesel's claim construction and his infringement analysis. While these two experts disagree about the existence of infringement, such disagreement does not create an issue of fact with respect to Durotech's counterclaims. Instead, Hill's report highlights the fact that Durotech has presented no evidence that Plaintiffs' legal assertions are objectively baseless. Instead, Durotech has supplied evidence that its legal assertions have merit. The mere fact that Durotech's position is reasonable,

---

[2] The Court notes that in an order filed contemporaneously with this ruling, several of Plaintiffs' proposed constructions were accepted, thereby negating any claim that Plaintiffs' proposed claim construction is unreasonable.

however, does not equate to a finding that Plaintiffs' position is objectively baseless. There is nothing to suggest that both parties to patent litigation cannot have objectively reasonable legal positions.

Durotech also attacks the Plaintiffs' expert report prepared by Dr. David O. Kazmer. While not providing any evidence that Dr. Kazmer's report is flawed, Durotech has offered substantial argument from counsel that the report is flawed and offers that the report is the result of "junk science." Having reviewed the report, the Court cannot agree with such a conclusion. While Durotech may disagree with the results reached by Dr. Kazmer, there is nothing to suggest that his approach was flawed or that the science underlying his conclusions is "junk." Moreover, Durotech has not moved to strike this report through a *Daubert* challenge. The Court, therefore, finds that Dr. Kazmer's report is evidence of an objective base for Plaintiffs' allegations of infringement.

In a further attempt to demonstrate bad faith, Durotech notes that Plaintiffs did not engage an expert until well after this litigation began. Durotech contends that Plaintiffs failed to perform any legal analysis of the alleged infringement and failed to have an expert analyze the issue before contacting a Durotech sales representative and asserting infringement. Moreover, Durotech alleges that nearly every customer that it has contacted is aware of the infringement alleged by Plaintiffs. These facts may support a finding of subjective bad faith. *See Dominant Semiconductors SDN. BHD. v. Osram GMBH*, 2008 WL 1808336 (Fed.Cir. Apr. 23, 2008) (noting that failing to test products, to construe patent claims, and to perform an infringement analysis are facts that are probative of "subjective baselessness"). However, "[s]ubjective considerations of bad faith are irrelevant if the assertions are not objectively baseless." *G.P. Indus.*, 500 F.3d at 1375. Consequently, while whether or not Plaintiffs had performed an

6

infringement analysis is relevant to an analysis of subjective bad faith, it has no bearing on the Court's review of whether a claim is objectively baseless.

In summary, Durotech's evidence of objective bad faith consists of an expert's report which supports Durotech's position in the litigation and an attack on Plaintiffs' expert report. Durotech's evidence, however, does nothing to demonstrate that the Plaintiff's alternative legal argument is objectively baseless. Durotech, therefore, has failed to present affirmative evidence from which a jury could conclude that Plaintiffs acted in bad faith.

### V. Conclusion

Based upon the reasons stated herein, Plaintiffs' motion for partial summary judgment is GRANTED.

IT IS SO ORDERED.


DATED: April 29, 2008            /s/ John R. Adams
                                JUDGE JOHN R. ADAMS